■ CONTINENTAL INSURANCE COMPANY, Appellant-Respondent, v POLARIS INDUSTRIES PARTNERS, L. P., et al., Respondents, and HARTFORD CASUALTY INSURANCE Co. et al., Respondents-Appellants. [606 NYS2d 164] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered August 3, 1993, granting the motion of defendants-respondents to dismiss the complaint pursuant to CPLR 327 (forum non conveniens) and 3211 (a) (4) (grounds of another action pending), unanimously affirmed, with costs.

Plaintiff commenced this declaratory judgment action to determine its obligation to indemnify and defend respondents under two insurance policies in an action pending in Colorado, and to determine the obligation of cross-appellants. The court did not abuse its discretion in dismissing the action on the grounds of forum non conveniens based upon a balancing of the appropriate factors *(National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005, 1007, *cert denied* 489 US 1067), including sites of the transaction out of which the litigation arose, the residence of the parties, the potential hardship to the defendant, the burden on New York courts, the availability of an alternate forum *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479), and the location of a majority of witnesses

outside the State *(Evdokias v Oppenheimer,* 123 AD2d 598). Defendant has sustained its burden of showing that the action should be heard in Minnesota *(see, Bader & Bader v Ford,* 66 AD2d 642, 648, *appeal dismissed* 48 NY2d 649), since the claims arise out of activities in Minnesota, including procurement of the policies, location of the operating companies and the insurance broker, and payment of the premiums, and have no substantial nexus with New York. The witnesses and documentation are also located in Minnesota *(see, Avnet, Inc. v Aetna Cas. & Sur. Co.,* 160 AD2d 463) and Minnesota law should govern *(see, ACLI Intl. v E.D. & F. Man [Coffee],* 76 AD2d 635, 643).

Nor did the court abuse its discretion in dismissing the action pursuant to CPLR 3211 (a) (4) *(Whitney v Whitney,* 57 NY2d 731) even though this action was commenced first, as the Minnesota action was commenced reasonably close in time and offers more than the action herein *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:14, at 24). Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.