■ AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Respondent, v XEROX CORPORATION, Appellant. [706 NYS2d 624] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 23, 1999, which, as corrected by an order of the same court and Justice, entered on or about December 7, 1999, denied defendant's motion to dismiss the complaint or stay the action, unanimously affirmed, with costs.

We find a substantial nexus with New York (*cf., Continental Ins. Co. v Polaris Indus. Partners*, 199 AD2d 222), and, therefore, conclude that the motion court properly exercised its discretion in denying dismissal on the ground of forum non conveniens (*see, e.g., Wildenstein v Wildenstein*, 249 AD2d 12, 13). Even were we to find that the Federal Y2K Act (*see,* 15 USC § 6601 *et seq.*) applied to actions of this type, and even were we to apply it retroactively (*see,* 15 USC § 6603 [a]), we would nonetheless hold that the lack of prelitigation notice (*see,* 15 USC § 6606) does not amount to a jurisdictional predicate requiring dismissal (*cf., Hallstrom v Tillamook County*,

493 US 20). In any event, defendant's choice to seek a judicial remedy, and the parties' entry into court-ordered mediation, render the Y2K Act prelitigation issue academic. We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.