■ PATRICK D. BARRETT, Individually and as a Limited Partner of DELMA ASSOCIATES, LP, Appellant, v KEVORK TOROYAN et al., Respondents, et al., Defendant. [825 NYS2d 911]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 26, 2006, which granted defendant's motion to dismiss the complaint on the ground of other action pending, and denied plaintiff's cross motion for summary judgment pursuant to CPLR 3211 (c), unanimously modified, on the law, to deny defendant's motion, the complaint reinstated and consolidated with the other action, and otherwise affirmed, without costs.

The two actions, while not duplicative, do arise under the same contract and are otherwise sufficiently related to warrant their consolidation. The doctrine against "claim splitting," invoked by defendant, does not apply since plaintiff could not have known of the claim made in the second action until after commencement of the first (*see* Siegel, NY Prac § 220, at 364 [4th ed]). The action is not appropriate for pre-answer summary judgment. Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHRISTENSEN, Appellant. [824 NYS2d 900]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered February 15, 2005, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him, as a second child sexual assault felony offender, to a term of eight years, unanimously modified, on the law, to the extent of vacating the supplemental sex offender fee, and otherwise affirmed.

We perceive no basis for reducing the sentence.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [b]), providing for the imposition of a supplemental sex offender fee, that fee should not have been imposed. Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.