■ NETWORK FINANCE INC. et al., Respondents, v JPMORGAN CHASE & Co. et al., Appellants, et al., Defendants. [836 NYS2d 875]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 13, 2006, which conditioned dismissal of the action for forum non conveniens upon, inter alia, appellants' "consent to the full faith and credit of any judgment that plaintiffs obtain [in the courts of Uruguay] and pay it," unanimously modified, on the law, the above-quoted condition replaced with "consent that any judgment plaintiffs obtain shall be enforceable in New York as provided in CPLR Article 53," and otherwise affirmed, without costs.

This action emanated from the collapse of Banco Comercial, one of Uruguay's largest banks. Imposition of the above-quoted condition in connection with the dismissal of the action ran counter to the CPLR mechanism for enforcement of foreign country money judgments, which was intended to balance the interests of foreign money judgment creditors and their debtors with the constitutional obligations and public policy concerns of this State (CPLR 5303, 5304; *see generally In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984*, 809 F2d 195, 204-205 [1987], *cert denied* 484 US 871 [1987]; *Banco De Seguros Del Estado v J.P. Morgan Chase & Co.*, 2007 WL 1098734, *9-10, 2007 US Dist LEXIS 27344, *29-35 [SD NY 2007]). Concur—Friedman, J.P., Buckley, Sweeny and Malone, JJ.