■ LUIS VARGAS GARMENDIA et al., Respondents-Appellants, v BRIAN O'NEILL et al., Appellants-Respondents. [847 NYS2d 563]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 15, 2007, which, inter alia, granted plaintiffs' cross motion to renew and, upon renewal, adhered to the order, same court and Justice, entered April 13, 2006, granting defendants' motion to dismiss on the ground of forum non conveniens and denying plaintiffs' motion to compel discovery, and granted defendants' motion for reargument of that portion of the order which, as one condition of dismissal, required defendants to "consent to the full faith and credit of any judgment that plaintiffs obtain and pay it," and, upon reargument, adhered to the order, unanimously modified, on the law, to replace the quoted language with the phrase, "consent that any judgment plaintiffs obtain shall be enforceable in New York as provided in CPLR Article 53," and otherwise affirmed, without costs. Appeal from the April 13, 2006 order, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Plaintiffs allege that defendants breached their duty under the laws of Uruguay to protect Banco Comercial, one of that country's oldest and largest banks, from fraudulent conduct in which two of its inside directors allegedly engaged, and which drained the bank of its assets precipitating its collapse. The court properly dismissed the action after defendants showed it would be better litigated in Uruguay (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Uruguay has an interest in adjudicating claims involving its own banking institutions (see *Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 295 [2005], *lv denied* 6 NY3d 703 [2006]), and, given that much of the evidence—for example, evidence in the custody of the government of Uruguay and testimony and documents from the bank's external auditors—is located in Uruguay, litigating in New York would present a hardship to defendants (see *Continental Ins. Co. v Polaris Indus. Partners*, 199 AD2d 222, 223 [1993]).

The court also properly declined to adjourn the motion to dismiss until after completion of discovery. Plaintiffs failed to show that the requested discovery could adduce facts establishing New York as a proper forum for the action (see *de Enamorado v Central Am. S.S. Agency*, 160 AD2d 182 [1990]).

The imposition of the above-quoted condition of dismissal is not consistent with the CPLR mechanism for enforcement of foreign country money judgments (*Network Fin. Inc. v JPMorgan Chase & Co.*, 41 AD3d 254, 255 [2007]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ. [*See* 2007 NY Slip Op 30192(U).]