■ CARLYLE CIM AGENT, L.L.C., Appellant, v TREY RESOURCES I, LLC, Respondent. CARLYLE CIM AGENT, L.L.C., Appellant, v TREY RESOURCES, INC., Respondent. [50 NYS3d 326]—

Orders (based on the same decision), Supreme Court, New York County (Charles E. Ramos, J.), entered October 11, 2016, and October 17, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' cross motions to dismiss the actions pursuant to CPLR 3211 (a) (4), unanimously reversed, on the law and the facts, with costs, and the cross motions denied.

Resolution of these appeals concerns enforcement of a forum selection clause that was permissive as to plaintiff-lender, but mandatory as to defendants-borrower and guarantor.

Plaintiff-lender Carlyle CIM Agent, LLC, commenced two actions pursuant to CPLR 3213 in New York Supreme Court, one

against defendant-borrower Trey Resources I LLC (Trey LLC) after it defaulted on interest payments on notes issued by plaintiff and secured in part by defendants' oil and gas assets, and the other against defendant-guarantor Trey Resources Inc. (Trey Inc.) upon its failure to honor the terms of its guarantee with plaintiff following Trey LLC's default. On the same day, plaintiff commenced an in rem foreclosure proceeding in Oklahoma, pursuant to Okla Stat tit 12, § 142, seeking to preserve its collateral represented in oil and gas assets and real property owned by Trey LLC, as well as the appointment of a receiver.

In the Oklahoma action, Trey LLC answered and filed counterclaims alleging fraud and tortious interference with contract, among other claims. Trey Inc., which had previously commenced an action in Oklahoma and voluntarily dismissed it after plaintiff filed its actions, petitioned to intervene in the foreclosure proceeding; its motion to intervene was subsequently granted. The Oklahoma court appointed a receiver. Plaintiff moved to dismiss the counterclaims based on the forum selection clauses contained in the parties' Note Purchase Agreement and Pledge Agreement; however, the Oklahoma court denied its motion without comment.

In the New York matters, defendants cross-moved to dismiss the CPLR 3213 proceedings, arguing that dismissal was warranted under CPLR 3211 (a) (4), because of the pendency of the Oklahoma action, and that complete relief could be accorded there.

Supreme Court erred in granting the cross motions to dismiss plaintiff's actions based on the Oklahoma action. The unambiguous terms of the forum selection clauses in section 11.15 of the parties' Note Purchase Agreement and section 9.11 (b) of the Pledge Agreement required defendants to commence any cause of action against plaintiff exclusively in the state or federal courts of New York County.* There is no merit to defendants' argument that the forum selection clauses did not pertain to counterclaims brought in another venue. This is because there is no distinction between a claim and a counterclaim, the latter of which "is itself a cause of action" (*Geddes v Rosen*, 22 AD2d 394, 397 [1st Dept 1965], *affd* 16 NY2d 816 [1965]; *see* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:1). This same principle is fatal to defendants' argument that because

---

* In contrast, sections 11.15 of the Note Purchase Agreement, and 9.11 (b) of the Pledge Agreement, provided that plaintiff "may" bring any or all judicial proceedings arising out of the two agreements in New York.

plaintiff commenced an action in Oklahoma, they were free to bring counterclaims there. Finally, their argument that they were prohibited from bringing counterclaims in these CPLR 3213 motions carries little weight. Although the general rule is that a counterclaim should not be entertained where the plaintiff seeks summary judgment in lieu of complaint, interposition is allowed when "it appears that the transactions upon which the counterclaim is based are inseparable from and may constitute a defense to the main claim" (*Harris v Miller*, 136 AD2d 603, 603 [2d Dept 1988] [granting summary judgment in lieu of complaint, and severing the counterclaims for pleading in a formal answer]; *see also* Siegel, NY Prac § 292 at 493 [5th ed 2011]). For example, in *Mitsubishi Trust & Banking Corp. v Housing Servs. Assoc.* (227 AD2d 305 [1st Dept 1996]), where we granted summary judgment pursuant to CPLR 3213, we addressed the merits of not only the defenses, but also the defendant's counterclaims and ruled that the defendant's allegations were unsubstantiated, irrelevant, or created issues "separate and severable from [the] plaintiff's claim under the notes" (227 AD2d at 305-306).

Defendants contractually agreed not to file any claim outside of New York County, and doing so was a defined breach under the clear terms of the mandatory forum selection clauses. Thus, absent plaintiff's consent, it is therefore improper to dismiss the New York actions pursuant to CPLR 3211 (a) (4) so as to consolidate them with the Oklahoma proceeding (*see Boss v American Express Fin. Advisors, Inc.*, 15 AD3d 306, 307 [1st Dept 2005], *affd* 6 NY3d 242, 247 [2006] [well-settled policy to enforce contractual forum selection clauses]). To do so would wrongfully reward defendants for their breach.

That plaintiff's actions should be litigated in New York is also required under General Obligations Law § 5-1402, which provides that any party may maintain an action in New York State courts where there is a contractual agreement providing for a choice of New York law and forum, and the case involves at least $1 million, all of which occur here (General Obligations Law § 5-1402). Under this statute, a New York court may not decline jurisdiction even if "the only nexus is the contractual agreement" (*AIG Fin. Prods. Corp. v Penncara Energy, LLC*, 83 AD3d 495, 496 [1st Dept 2011] [internal quotation marks omitted]; *see also IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A.*, 20 NY3d 310, 314 [2012], *cert denied* 569 US —, 133 S Ct 2396 [2013]). The purpose of General Obligations Law § 5-1402 is to enhance New York as "one of the world's major financial and commercial Centers," by "encourag[ing] the parties to signifi-

cant commercial, mercantile or financial contracts to choose New York law" and forum (Mem of Mayor of City of NY, 1984 McKinney's Session Laws of NY at 3288). The statute's proponents wanted to avoid any "uncertainty about any aspect of the ability of a contracting party effectively to submit itself to the jurisdiction of the New York Courts," as it would "almost certainly operate to deter the parties from selecting New York law in the first place" (*id.*).

To the extent that defendants argue that plaintiff is precluded from making its argument that General Obligations Law § 5-1402 applies for the first time on appeal, we disagree. We have held many times that where a party does not allege new facts on appeal but argues a legal theory that is apparent on the face of the record and could not have been avoided by the opposing party if raised at the proper juncture, the issue is reviewable (*see e.g. Harrington v Smith*, 138 AD3d 548 [1st Dept 2016]; *Kapilevich v City of New York*, 103 AD3d 548 [1st Dept 2013]; *Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408 [1st Dept 2009]).

Plaintiff's request for reassignment of the actions upon remand is denied. Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.