■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [54 NYS3d 856]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Steven L. Barrett, J.), rendered June 11, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Richter, Mazzarelli, Manzanet-Daniels and Gische, JJ.

■ DELOS MEGACORE LTD., Appellant, v OMEGA INVESTMENTS LTD., Respondent. [54 NYS3d 857]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered February 10, 2017 and February 13, 2017, which granted defendant's motion to dismiss or stay this action in favor of arbitration pending in London, and order, same court and Justice, entered March 15, 2017, which, to the extent appealable, denied plaintiff's motion to modify or, alternatively, for leave to renew, unanimously affirmed, without costs.

The motion court properly stayed this action in favor of pending arbitration, since the decision in the arbitration proceeding could dispose of the issues in this action (*see* CPLR 2201; *Doronin v Amanat*, 133 AD3d 524 [1st Dept 2015]; *JP Foodservice Distribs. v PricewaterhouseCoopers*, 291 AD2d 323 [1st Dept 2002]). In this action, plaintiff seeks to recover on a promissory note; at issue in the earlier commenced arbitration proceeding is the propriety of a subsequent agreement between the parties that includes a provision releasing defendant from its obligations under the note.

Contrary to plaintiff's arguments, issues of arbitrability were properly resolved by the London arbitration tribunal pursuant to the law governing the tribunal; the parties' subsequent agreement provided that English law would apply to any disputes arising under the agreement and would be addressed in arbitration in London in accordance with the rules of the London Maritime Arbitrators' Association.

The purportedly "new" evidence that plaintiff submitted in its renewal motion was already before the court and, in any event, would not change the original determination (*see* CPLR 2221 [e]). Concur—Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.