Robert B. Jetter, M.D., PLLC v 737 Park Ave. Acquisition LLC (2018 NY Slip Op 04085)





Robert B. Jetter, M.D., PLLC v 737 Park Ave. Acquisition LLC


2018 NY Slip Op 04085


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Singh, JJ.


6798 654159/12

[*1]Robert B. Jetter, M.D., PLLC, Plaintiff-Appellant, Abbey Road Office Based Surgery PLLC, Plaintiff,
v
737 Park Avenue Acquisition LLC, Defendant-Respondent, Macklowe Properties, et al., Defendants.


The Heppt Law Office, PLLC, New York (Joseph M. Heppt of counsel), for appellant.
Stemphel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 19, 2017, which, insofar as appealed from, granted defendant 737 Park Avenue Acquisition LLC's motion for summary judgment on its counterclaim for a declaration that plaintiff Robert B. Jetter, M.D., PLLC (Jetter), has no right to exercise the lease renewal option, and so declared, unanimously affirmed, without costs.
While plaintiff Jetter's time to exercise its renewal option will not begin until October 2019, because this future event is within Jetter's control, a declaratory judgment is not merely advisory (see New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530-531 [1977]).
Jetter argues that denial of its renewal option would work an unjust forfeiture within the meaning of J.N.A. Realty Corp. v Cross Bay Chelsea (42 NY2d 392 [1977]) and its progeny. He may raise this argument for the first time on appeal (see generally Carlyle CIM Agent, L.L.C. v Trey Resources I, LLC, 148 AD3d 562, 565 [1st Dept 2017]). However, on the merits, it is unavailing. The parties' lease gives Jetter a renewal option provided that it has not incurred late payment charges more than three times and has not caused, inter alia, any lawsuit to have been commenced against the landlord. Jetter's incurrence of late fees on more than three occasions was not due to "neglect or inadvertence" (J.N.A., 42 NY2d at 398). Rather, it was the result of a deliberate choice to withhold rent. The Court of Appeals has cautioned that J.N.A. is a "narrow . . . doctrine" (Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc., 19 NY3d 223, 228 [2012]). Therefore, we decline to extend it to the instant situation, where Jetter is arguing that it [*2]was justified in withholding rent. Moreover, even setting late fees aside, Jetter did not satisfy the second condition to renewal, since it has sued the landlord in the instant action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK