Dietz v Linde Gas N. Am., LLC (2019 NY Slip Op 08789)





Dietz v Linde Gas N. Am., LLC


2019 NY Slip Op 08789


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10517NA 653023/18 10517N

[*1] Andrew Dietz, et al., Plaintiffs-Appellants,
v
Linde Gas North America, LLC, et al., Defendants-Respondents.


Winston & Strawn LLP, New York (Luke A. Connelly of counsel), for appellants.
Day Pitney LLP, New York (Anthony J. Marchetta of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about November 21, 2018, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(4) or, in the alternative, stay the action pursuant to CPLR 2201, to the extent of staying the action pending a decision on a motion to dismiss in the pending New Jersey action, unanimously affirmed, without costs. Appeal from order, same court (Joel M. Cohen, J.), entered April 29, 2019, which denied plaintiffs' motion for reargument, unanimously dismissed, without costs, as taken from a non-appealable order.
Supreme Court providently exercised its discretion in granting and then continuing a stay of this litigation pending an outcome in the New Jersey action, given the substantial identity of parties and claims in the two actions and the fact that the New Jersey action involves more comprehensive claims, including New Jersey statutory claims alleging racketeering and securities fraud, which encompass the issues in this litigation (AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495 [1st Dept 2011]; see also Delos Megacore Ltd. v Omega Invs. Ltd., 152 AD3d 417 [1st Dept 2017]; cf. Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc., 117 AD3d 427, 489 [1st Dept 2014] [stay of state action alleging fraudulent conveyance not granted where federal action did not involve issues of fraudulent conveyance]).
The New York forum selection clause in the parties' share purchase agreement is permissive, not mandatory, and does not preclude the litigation in New Jersey, as plaintiffs contend (see AIG Fin. Prods., 83 AD3d at 496; cf. Carlyle CIM Agent, L.L.C. v Trey Resources I, LLC, 148 AD3d 562 [1st Dept 2017] [New York actions not dismissed in favor of Oklahoma proceeding in which defendants filed counterclaims where forum selection clause mandatory as to defendants required them to commence any cause of action against the plaintiff in state or federal court in New York County]).
No appeal lies from that part of the April 23, 2019 order denying reargument (Forbes v [*2]Giacomo, 130 AD3d 428 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 1047 [2015]).
We have considered plaintiffs' remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK