Zanani v Sutton Apts. Corp. (2021 NY Slip Op 02352)





Zanani v Sutton Apts. Corp.


2021 NY Slip Op 02352


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 650099/19 Appeal No. 13599-13599A&[M-3409] Case No. 2020-00367, 2020-00369 

[*1]Doron Zanani, Plaintiff-Appellant,
v
Sutton Apartments Corporation, Defendant-Respondent.


Doron Zanani, New York, appellant pro se.
Cornicello, Tendler & Baumel-Cornicello, LLP, New York (Jay H. Berg of counsel), for respondent.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 17, 2019, and order, same court and Justice, entered on or about July 22, 2019, which, as amended by an order (denominated an order and judgment), same court and Justice, entered on or about September 17, 2019, granted defendant co-op's motion to dismiss the complaint and awarded defendant attorneys' fees in the amount of $17,471, plus costs, for a total money judgment in the amount of $17,811, unanimously reversed, on the law and in the exercise of discretion, without costs, to deny the motion, vacate the award of attorneys' fees, reinstate the complaint, and remand for further proceedings.
Plaintiff Doran Zanani brought this declaratory judgment action seeking resolution of outstanding disputes concerning monies allegedly owed to defendant cooperative corporation. Zanani is the owner of shares appurtenant to one of the apartments at the cooperative.
The instant proceeding is the second forum for the parties' disputes. The cooperative initially brought a holdover proceeding against Zanani in Housing Court, where it prevailed and obtained a judgment of possession of the subject premises. Zanani appealed the Housing Court's decision to Appellate Term. However, he brought the instant declaratory judgment action before that appeal was perfected.
The cooperative brought a pre-answer motion to dismiss the instant action asserting, inter alia, that the Housing Court proceeding was "another action pending" that warranted dismissal pursuant to CPLR 3211(a)(4). Supreme Court granted that motion, dismissed the complaint, and subsequently awarded attorneys' fees to the cooperative.
After Supreme Court issued its decision, Appellate Term ruled in Zanani's favor, vacated the judgment of possession, and dismissed the petition.
While the motion court did not abuse its discretion in granting the cooperative's motion pursuant to CPLR 3211(a)(4) (see Whitney v Whitney, 57 NY2d 731, 732 [1982]), it would have been preferable for the court to have granted the motion only to the extent of staying the instant action pending resolution of the Appellate Term appeal (see AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495, 495 [1st Dept 2011]). In reversing Housing Court, Appellate Term held that Zanani's initial refusal to replace a check that went missing after he duly delivered it at the closing was not a breach of the proprietary lease. This finding affects Zanani's first two causes of action herein. Zanani's third cause of action concerns a different dispute between the parties involving certain maintenance payments that was not intertwined with the issues in the holdover proceeding (see Wheeler v Linden Plaza Preserv. LP, 172 AD3d 608, 609 [1st Dept 2019]; Sutton Fifty-Six Co. v Garrison, 93 AD2d 720, 722 [1st Dept 1983]).
For these reasons, the holdover proceeding no longer presents any impediment to proceeding with the instant action. Under the circumstances[*2], to the extent that the motion court's dismissal of the complaint here is premised on the existence of a "prior action pending" pursuant to CPLR 3211(a)(4), we reverse, in the exercise of our discretion, to deny the motion to dismiss (see L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 8 [1st Dept 2007]).
On the merits, liberally construing the complaint, as amplified by the documentary evidence (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]; Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]), the complaint's three claims, seeking declarations regarding the replacement check, the award of attorneys' fees, and the status of certain maintenance payments, all state causes of action.
In light of the foregoing, the portion of the judgment awarding the co-op its attorneys' fees in this action must likewise be reversed, since the co-op is, at this juncture, not the prevailing party.
M-3409 — Doron Zanani v Sutton Apartments Corporation
Motion to strike certain pages of the record denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021