Ringel v Ringel (2023 NY Slip Op 04831)

Ringel v Ringel

2023 NY Slip Op 04831

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 653518/21 Appeal No. 646 Case No. 2022-05827 

[*1]Chana Ringel, Plaintiff-Appellant,
v
Benjamin Ringel et al., Defendants-Respondents, John and Jane Does 1-10, et al., Defendants.

Koffsky Schwalb LLC, New York (Efrem Schwalb of counsel), for appellant.
Berg & David PLLC, Inwood (Sholom Wohlgelernter of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about July 11, 2022, which, to the extent appealed from, granted defendants' motion to dismiss the second and third causes of action for fraudulent conveyance as they related to transfers of interests in BR Lakewood, LLC in 2012 and 2015, unanimously reversed, on the law, with costs.
The causes of action for fraudulent conveyance (Debtor and Creditor Law §§ 273, 276) should not have been dismissed. Contrary to the court's determination, the claims were not subject to arbitration pursuant to the settlement agreement reached in the New Jersey actions. Paragraph 5 of the settlement agreement provides only that the "remaining claims" in the New Jersey actions were subject to arbitration, and the arbitrator has confirmed that new claims were "not within the claims to be arbitrated before the undersigned" and must be brought by separate action. Likewise, Paragraph 7 states that the New Jersey court retained jurisdiction "to enforce the terms of the Settlement Agreement," not to address new claims.
The remaining bases for the court's dismissal of the claims — CPLR 3211(a)(4) and claim splitting — were improperly invoked by the court sua sponte, which "substantially prejudiced plaintiff, who had no opportunity to respond" (Martin v Grenadier Realty Corp., 260 AD2d 276, 277 [1st Dept 1999]). In any event, the cases cited by the court counseled in favor of staying the claims pending the New Jersey arbitration, rather than outright dismissal (see Dietz v Linde Gas N. Am., LLC, 178 AD3d 469 [1st Dept 2019]; AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495 [1st Dept 2011]). Further, the doctrine against claim splitting was inapplicable because defendants failed to show that the claims in this action were "ascertainable when the prior action was commenced" (Melcher v Greenberg Traurig LLP, 135 AD3d 547, 552 [1st Dept 2016]; see also Barrett v Delma Properties, Inc., 35 AD3d 279 [1st Dept 2006]). Here, the complaint alleges that plaintiff was unaware of the 2012 and 2015 transfers when the New Jersey actions were commenced.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023