**G & Y Maintenance Corp. v 540 W. 48th St. Corp.**

2024 NY Slip Op 31087(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 652108/2020

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE

*Justice*

PART          60M

------------------------------------------------------------------------X

G & Y MAINTENANCE CORP.,

                                              Plaintiff,

- v -

540 WEST 48TH ST. CORP., GLSC 48 SPECIAL
LLC,CORE CONTINENTAL CONSTRUCTION
LLC,CHUNG-LIN CHIANG,

                                              Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652108/2020 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 257, 258, 259, 260, 261, 262, 263, 265, 266, 267, 268, 269, 270, 271, 272, 275, 276, 277, 278

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

Upon the foregoing documents, it is

This case involves alleged underpayment by a general contractor to a subcontractor. On April 8, 2022, this court dismissed plaintiff's claims for account stated, unjust enrichment and quantum meruit. It also dismissed the veil-piercing claims against defendant Chiang. These dismissals were based on insufficient allegations and statute of limitations. The court did, however, sustain the breach of contract cause of action against defendant Core.

Plaintiff appealed and, strangely, by motion asked this court to recuse itself (*see* NYSCEF Doc 252 [decision and order, MS 06 and 07]). Plaintiff's bizarre argument in support of recusal asserted that the appeal created a conflict of interest for the trial judge. At no time did plaintiff address the absurd logical outcome of this argument–that every trial judge would need to recuse upon appeal. Then, at oral argument, plaintiff's counsel went so far as to state on the record that the trial court's so many "mistakes" reflected bias.

On April 20, 2023, the Appellate Division, First Department largely affirmed the decision and order that this court rendered the year prior (*see* 215 AD3d 553). Except for modifying this court's dismissal to allow plaintiff to replead alter ego against Chiang by making the dismissal without prejudice, the Appellate Division affirmed this court's decision and order resolving MS 04 (NYSCEF Doc 197 [4/7/22 decision]). Specifically, the First Department affirmed this court's dismissal of the claims for account stated, unjust enrichment, and quantum meruit as against Core. In addition, the Appellate Division, First Department affirmed the reasoning of this court that the fraud claim duplicated the breach of contract claim (*see* 215 AD3d at 554).

By this point, the note of issue had been filed and the case was on the trial calendar. Despite having a decent breach of contract claim and being trial ready, in the fall of 2023, plaintiff stopped the case from proceeding to trial and moved to amend to interpose a second amended complaint (SAC). The SAC asserts nine causes of action, several of which had been dismissed already.

Continuing its penchant for bizarre arguments, plaintiff states in its reply brief on the motion to amend, that the "First Department ordered this court to conduct further proceedings" and carries on about "remittitur" (*see* NYSCEF Doc 275 [pl's reply aff, pg 6]). The First Department's decision does not mention remittitur even once. Nor did the First Department remand for further proceedings. This is because there was no need. The case was already proceeding to trial when the Appellate Division rendered its decision. All the Appellate decision did was give plaintiff the opportunity to replead. This put the ball in plaintiff's court. Without a motion, there was nothing for this court to do. It could not write the amended complaint for plaintiff. Therefore, all the talk about "remittitur" is misplaced and irrelevant.

The court now discusses each cause of action in the proposed SAC in turn to assess whether to allow amendment.

1. First Cause of Action for Fraud

This claim is palpably devoid of merit. The Appellate Division has already affirmed this court's dismissal of Plaintiff's fraud claim against Chiang because it duplicated plaintiff's claim for breach of contract that the court sustained in part. As both this court and the Appellate Division have explained to plaintiff, a promise made with no intention of performing is a breach of contract, not fraud. Plaintiff's newly pled fraud claims do nothing to correct this deficiency (*see Colle Capital Partners LP v Automaton, Inc,* 2023 Slip Op 1882 [1st Dept March 19, 2024] ["leave to amend the fraud claim should, however, have been denied because this claim, even as amended, was duplicative of the breach of sale agreement claim."]).

As it did on the motion to dismiss, plaintiff again cites to *Sabo v Delman* (3 NY2d 155, 160 [1957]) and its progeny, an old line of cases that are: (1) largely abandoned in this department; (2) severely outdated; and (3) no longer good law (*see Cougar Audio, Inc. v Reich,* 2000 WL 420546, at *6 [SDNY Apr. 18, 2000] [calling the *Sabo* line of cases "puzzling" and noting "there are numerous Appellate Division cases that state precisely the opposite rule"]; *see also Papa's-June Music, Inc. v McLean,* 921 F Supp 1154, 1160–1161 [SDNY 1996] ["Most courts that have subsequently considered the issue have held that a contract claim cannot be converted into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the promise."]; [*cf. New York University v Continental Ins. Co.,* 87 N.Y.2d 308, 317 [1995] [general allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support claim for fraud]).

Here, the allegations surrounding the fraud claim involve only a present promise to

pay. Consequently, this merely duplicates breach of contract. Plaintiff's allegations of fraud are no less duplicative of its breach of contract cause of action now than they were in the prior complaint. Moreover, plaintiff's "fraud" claim lacks the necessary specificity, such as what exactly Chiang told plaintiff, when he said it, to whom at G&Y he made misrepresentations, etc. Accordingly, the first cause of action in the SAC is insufficient. Therefore, court will not allow the amendment.

2. Second Cause of Action for Breach of Fiduciary Duty

The second cause of action for breach of fiduciary duty is insufficient. It fails to allege anything more than an arms-length business transaction. That the parties may have had an extensive business history does not elevate this relationship to that of fiduciaries.

To the extent the second cause of action purports to interpose a cause of action for a constructive trust, it is time barred under Section 77(2) of the lien law that imposes a one-year statute of limitations.[1] Plaintiff does not even try to contest that this is the applicable limitations period. By plaintiff's own estimate, payment was due at the latest in June 2014. Yet, plaintiff did not commence this lawsuit until 2020. This is way too late. Even if Chiang lulled plaintiff into a false sense of security by claiming that the owner had not paid Core yet, and even if this could toll the statute of limitations under the lien law, it was incumbent on plaintiff to sue under the lien law as soon as it realized. That was certainly more than a year ago. Moreover, only paragraph 121 in the SAC's long and rambling discourse even mentions that Chiang misrepresented to plaintiff that the owner had not paid. There is no description of when this was,

---

[1] Under the Lien Law, all actions to enforce a trust arising under Article 3-A are governed by Section 77(2) thereof, which provides, in relevant part, that: [n]o such action shall be maintainable if commenced more than one year after the completion of such improvement or, in the case of subcontractors or materialmen, after the expiration of one year from the date on which final payment under the claimant's contract became due, whichever is later…"

who it was said to, etc. Surely plaintiff as the recipient of this false information would at least have known to whom Chiang spoke. It was incumbent on plaintiff, at this point in the litigation, to plead this information. It did not. Accordingly, the second cause of action is insufficient to allow amendment.

3. Plaintiff's Causes of Action Under the Debtor and Creditor Law

Plaintiff has also asserted causes of action under all, or nearly all, of the subsections for fraudulent conveyance in the Debtor-Creditor law.

A. *Third Cause of Action for Fraudulent Conveyance Under Debtor and Creditor Law § 273*

Section 273 of NY's Debtor and Creditor law states:

> "Every Conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration."

Defendants do not contest that the statute of limitations for fraudulent conveyance under § 273 is six years from the date of the conveyance. Plaintiff pleads in paragraphs 63 ad 64 of the second amended complaint that Chiang made conveyances in late 2014 to Jannat I, LLC and Jannat Rockaway that rendered Core unable to pay creditors. Oddly, plaintiff has sued neither Jannat entity, so it is difficult to understand how plaintiff plans to have any practical victory with this cause of action. Moreover, as plaintiff interposed the SAC in 2023, unless this claim relates back to plaintiff's original complaint, it is time barred.

Defendant argues there is no relation back because plaintiff never made any sort of allegation in the prior complaint about siphoning assets to another entity and therefore this is an entirely new claim having nothing to do with the prior claims. However, plaintiff only found out about the alleged siphoning to the allegedly related Jannet companies during discovery (*see*

*Ringel v Ringel*, 219 AD3d 1260, 1260–1261 [1st Dept 2023] [allowing plaintiff to assert fraudulent conveyance claim in second action where plaintiff was "unaware of the 2012 and 2015 transfers when the New Jersey actions were commenced"]).

In a strikingly similar case, where defendant allegedly shorted payments for the sale of goods, the court permitted amendment to add claims for fraudulent conveyance, because they related back to the original complaint (*see On Glory Enterprises Ltd. v Fashion 88 Ltd.*, 2004 WL 513832 at *1 [SDNY Mar. 16, 2004] ["We find, however, that the new claims are, in fact, related to the old claims, as all these claims revolve around the collectability of the payment owed by Fashion 88."]).

Here too, the fraudulent conveyance claims revolve around the collectability of payment from defendants who allegedly failed to pay plaintiff the full amount plaintiff claims is owed. Accordingly, the court allows plaintiff to amend to interpose a claim for Fraudulent Conveyance under Debtor and Creditor Law § 273.

### B. Fourth Cause of Action Under Debtor and Creditor Law § 274

This claim is similar to a § 273 claim, except that the conveying company is left with unreasonably small capital, rather than insolvent. Thus, this claim stands because it relates back to the original complaint. *See* discussion regarding § 273, *supra*.

### C. Fifth Cause of action for Fraudulent Conveyance Under § 273-a

Plaintiff appears to concede that it needs an "unsatisfied judgment" for this claim to accrue. Plaintiff could have had a judgment by now, but instead has delayed this case from proceeding to trial by interposing this blunderbuss second amended complaint at the last minute while on the trial calendar. Without a judgment, concededly, this claim is not ripe. Even if plaintiff did not need a judgment, but only the pendency of an action, all plaintiff can point to are

conveyances in 2014. There was no pending action at that time. Thus, this claim is palpably without merit and cannot proceed.

### D. Sixth Cause of Action Under Debtor and Creditor Law § 275

This section of the Debtor and Creditor law covers situations where defendants make transfers without fair consideration. Again, as the discussion concerning § 273 demonstrates, this claim relates back and may continue.

### E. Seventh Cause of Action Under Debtor and Creditor Law § 276

This section of the Debtor Creditor Law covers actual fraud. After detailing in the complaint aspects of the law related to this section, plaintiff finally gets to the facts. Plaintiff baldly states that "Chiang and possibly his partner Wu were the sole shareholders of the judgment debtor. No adequacy of consideration was shown, the judgment debtor was aware of the judgment creditor's claim, and the judgment debtor is unable to pay the judgment" (Proposed SAC at para 161).

A violation of this section needs to be pled with particularity (*see Board of Managers of the Lore Condominium v Gateway IV LLC*, 169 AD3d 617, 618 [1st Dept 2019]). Plaintiff's attempt to plead fraud under this section is insufficient. First, to plead "no adequacy of consideration was shown" is bizarre as it is not defendant's burden on an amended complaint to plead lack of consideration. Moreover, the allegations against Wu are nonexistent. Nor do we know whether plaintiff is referring to the Jannet transfers or some other transfer. Thus, this claim: (1) is not pled with particularity; (2) is haphazard; and (3) is so unclear that it does not put defendants on notice of the claims against them. Accordingly, the court will not allow plaintiff to plead the seventh cause of action in this form.

4. Eighth Cause of Action for Violation of Business Corporation Law § 720

A necessary element of this claim is to be a judgment creditor. As plaintiff is not yet a judgment creditor and may never become one if it does not stop delaying this case. Accordingly, this claim is not yet ripe. The court denies plaintiff's proposed amendment adding it.

5. <u>Ninth Cause of Action for Breach of Contract</u>

The court sustained Plaintiff's cause of action for breach of contract in the last complaint way back in 2022. The breach of contract claim that plaintiff now interposes starting at paragraph 165 of the proposed second amended complaint is nearly unintelligible. Many of the allegations contained in this cause of action, to the extent the court can understand them, appear to be a vain attempt to recast the failed fraud and breach of fiduciary duty claims. Placing these allegations in the middle of a claim for breach of contract only serves to demonstrate how duplicative the breach of fiduciary duty and fraud claims are of this breach of contract claim. Were it not for paragraphs 166 and 167, the breach of contract claim would be lost in the morass altogether. However, because of these two paragraphs, the court will allow the breach of contract claim to proceed on this pleading. The balance of the paragraphs in this cause of action will not go forward.

6. <u>Claims Against Defendant Wu</u>

Despite allowing certain aspects of the SAC to proceed, the allegations against Chiang's wife, Ms. Wu are completely insufficient. There is no sense of the role she played, if any. There is certainly no sufficient allegation that she sent money to either Jannet entity. Plaintiff's allegations against her are impossible to discern. Accordingly, no claim can proceed against Wu on these allegations.

7. <u>Defendant's Cross Motion for Sanctions</u>

Defendants assert that they are prejudiced from the delay in seeking amendment. The court cannot understand how this could be the case. Defendant could always be sued later for fraudulent conveyance once there is a judgment under Debtor and Creditor law § 273-a or comparable statute. If anything, the prejudice from delay is to plaintiff who has lost its in place in line for trial.

Given this decision, the cross motion for sanctions is obviously denied. The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED that the motion to interpose a second amended complaint is granted in part to allow the 3rd, 4th, 6th, and 9th causes of action to proceed against defendant Chiang and Core only; and it is further

ORDERED that plaintiff shall have 30 days from the e-filed date of this decision and order to file a second amended complaint consistent with this decision (strikethrough font is fine); and it is further

ORDERED that defendant Chiang and Core shall answer the second amended complaint within 30 days after plaintiff files it; and it is further

ORDERED that pre-motion conferences are mandatory for all applications, including orders to show cause and cross motions; and it is further

ORDERED THAT the parties shall attend a conference on April 10, 2024 at noon over Microsoft teams. The conference will be on the record.

20240401175441MACRANEC23BE9EA49044F33A78A422BC338210C

__4/1/2024__
**DATE**

**MELISSA A. CRANE, J.S.C.**

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION
            ☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER

**652108/2020  G&Y MAINTENANCE CORP. vs. 540 WEST 48TH ST. CORP.**
Motion No. 008

**Page 9 of 10**

[* 9]