■ ABRAHAM J. HIRSCHFELD et al., Appellants, v ERIC GERARD, Respondent. [698 NYS2d 459] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered January 14, 1999, which denied petitioner's application to vacate an arbitration award in an employment contract dispute, confirmed such award, and entered judgment thereon, unanimously affirmed, without costs.

More than three months into a five year employment agreement as Editor-in-Chief of a start-up newspaper, respondent was terminated by petitioner. The arbitrator enforced a provision of the agreement which liquidated damages at the salary respondent would have earned from the date of termination to the end of the contract period, if respondent were terminated "for any reason whatsoever". Respondent presents no basis to vacate the award under CPLR 7511 (b). The arbitrator's determinations on the enforceability of the liquidated damages clause and the basis for respondent's termination were not irrational (*see, Matter of Sims v Siegelson*, 246 AD2d 374, 376). Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.

■ KAYE, SCHOLER, FIERMAN, HAYS & HANDLER, L. L. P., Respondent, v ANDRE DREYFUSS et al., Appellants. [698 NYS2d 641] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 5, 1999, which, in an action to recover a legal fee, denied defendants' motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, with costs.

The individual defendant's numerous trips to New York admittedly for the specific purpose of meeting with plaintiff to obtain legal services on behalf of the corporate defendants constituted purposeful activity sufficient to confer jurisdiction over himself as well as the corporate defendants (*see, Otterbourg, Steindler, Houston & Rosen v Shreve City Apts.*, 147 AD2d 327, 332; *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 470-471). Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.