■ SENECA INSURANCE COMPANY, INC., Appellant, v LINCOLN-SHIRE MANAGEMENT, INC., et al., Respondents. [703 NYS2d 127] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered April 2, 1999, which granted defendants' motion pursuant to CPLR 327 and 3211 (a) (4) to dismiss the complaint based on forum non conveniens and because there was another action pending between the same parties in the California state courts, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

This action seeks a declaration that plaintiff Seneca is not obligated, by its business owner's and commercial umbrella liability policies issued to defendants, to defend them in the underlying defamation and abuse of process action. It was allegedly brought in anticipation of an action commenced in California and predates the California action by six days. The motion court erred in dismissing the complaint.

Contrary to the motion court's finding, the insurance transaction at issue clearly has a far greater nexus with New York than with California. Among other things, the parties' principal places of business are in New York, they reside and litigate

here, and the insurance contract at issue incorporates mandatory New York policy language, and was brokered, negotiated, paid for, and breached here. The only California nexus is that the underlying defamation and abuse of process action arose, was litigated and was settled there. Moreover, defendants failed to meet their burden of showing that a more convenient forum than New York exists (*Wittich v Wittich*, 210 AD2d 138). Their argument that they are a "natural plaintiff", which would shift the defendant's burden to plaintiffs to prove that California is an inconvenient forum, is without merit, since that doctrine is not recognized in New York law and, in any case, plaintiffs can readily establish that California is a less convenient forum, the California court having found New York to be the more convenient forum. The contention that a declaratory judgment action cannot be maintained here because an adequate remedy at law exists is also unsupported. Defendants fail to show the existence of such remedy, and, even if they did, it would not require that Supreme Court decline to render declaratory judgment, since a genuine, justiciable controversy exists (*see*, CPLR 3001; *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148, *cert denied* 464 US 993).

Plaintiff's conduct in commencing this action did not constitute anticipatory litigation because forum-shopping is not at issue because New York "is the logical and proper place * * * to go forward" (*Fischer & Porter Co. v Moorco Intl.*, 869 F Supp 323, 325), where plaintiff did not receive formal notice of the California action or of when and where it would be commenced (*Mondo, Inc. v Spitz*, 1998 WL 17744, 1998 US Dist LEXIS 369 [SD NY, Jan. 16, 1998, Preska, J.]), and where plaintiff is not relying on the first-to-file rule (*see*, *Riviera Trading Corp. v Oakley, Inc.*, 944 F Supp 1150, 1158 [SD NY 1996]), but on traditional forum non conveniens analysis.

Defendants' remaining contentions have been considered and found to be without merit. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.