■ SAN YSIDRO CORPORATION, Appellant, v HERMANN M. ROBINOW, Respondent. [768 NYS2d 191]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 28, 2002, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (4), unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, San Ysidro Corporation (SYC), a California corporation, is a wholly-owned subsidiary of Anglo American Agriculture, plc (AAA), a British public limited company. Pursuant to a management services agreement between AAA and American Agriculture Holdings, Inc. (AH), AH's New York office advises SYC on, inter alia, all financial matters. Defendant Hermann Melchior Robinow is a resident of Great Britain. His involvement in this action is through his son, Richard Robinow, who is chairman of AAA and the guardian ad litem of his father.

In May 1999, Richard Robinow came to New York and met with the presidents of SYC and AH, who are both New York residents, to discuss a proposed corporate reorganization of AAA, which involved the issuance of promissory notes by SYC in defendant's favor. Eventually they agreed upon terms of an approximately $2 million note with a June 30, 2009 maturity date, executed "as of" June 29, 1999. This note was issued and signed in New York and provided that its terms were to be construed pursuant to New York law.

In October 2000, SYC obtained an additional loan from a New York branch of Union Bank of Switzerland AG (UBS), where SYC maintains a corporate bank account. Part of this loan was secured by defendant through a letter of credit payable at UBS in New York.

On October 17, 2001, defendant sent a notice of default on

the note to SYC's California address and sought to accelerate the remainder due, contending that SYC had defaulted on the UBS loan. By summons with notice filed on October 23, 2001, SYC commenced the instant declaratory judgment action, alleging that no default had occurred. On November 9, 2001, after two prior attempts at service, defendant's son Jeremy Robinow accepted delivery of the summons with notice on defendant's behalf in London.

By stipulation dated December 4, 2001, referring to this action as "commenced on October 23, 2001," the parties agreed to extend defendant's time to respond to the summons or demand service of the complaint until December 20, 2001. On November 27, 2001, before SYC could serve its complaint, defendant served SYC's president in New York with a California summons and complaint seeking recovery under the note. The California summons and complaint, as well as a subsequent amended complaint, all predate the aforesaid stipulation.

SYC moved for a stay in the California action at approximately the same time defendant moved to dismiss in the New York action for lack of personal jurisdiction and on the ground that the California action was pending. SYC's motion for a stay was preliminarily denied by the California court on the ground that the New York action was filed first, but without prejudice to SYC's right to move under forum non conveniens. Apprised of the California court's preliminary ruling, the IAS court in New York dismissed the instant action for declaratory relief on February 28, 2002. Shortly thereafter, the California court granted SYC's motion to stay the California action under forum non conveniens on condition that SYC waive the statute of limitations and consent to jurisdiction in New York. SYC now appeals the dismissal of the New York action.

We find that the IAS court erred in dismissing the New York declaratory judgment action in favor of the California action seeking money damages since "a genuine, justiciable controversy exists" (*Seneca Ins. Co. v Lincolnshire Mgt.*, 269 AD2d 274, 275 [2000]). Inasmuch as the filing of a summons with notice, absent the service of the complaint, does not constitute the commencement of an action for CPLR 3211 (a) (4) purposes (*Security Mut. Life Ins. Co. of N.Y. v DiPasquale*, 271 AD2d 268, 269 [2000]), the California action may be deemed to have been commenced first in time. However, while such technical priority in the commencement of actions is a factor to be considered, it is not necessarily dispositive, particularly where both actions are at the earliest stages of litigation, where one forum's connections clearly predominate and where such priority was achieved by such duplicity as occurred here.

In the instant matter, since the subject note was negotiated and signed in New York and expressly provided that New York law would govern, New York has a significant and substantive nexus to the controversy, and thus is the most appropriate forum for its resolution. Furthermore, it is clear from the chronology of events that while defendant's counsel was negotiating a stipulation to extend defendant's time to answer or demand a complaint in the New York action, counsel had already prepared the California complaint, the ex parte application to have Richard Robinow appointed his father's guardian ad litem and the amended complaint.

Although the IAS court did not address the branch of defendant's motion seeking dismissal for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), we find no question on this record that Richard Robinow was, at all relevant times, acting on behalf of his elderly father and that his appearance in New York to negotiate the terms of the subject note was sufficiently purposeful activity to confer jurisdiction (CPLR 302; *see Kreutter v McFadden Oil Corp.*, 71 NY2d 460 [1988]; *Kaye, Scholer, Fierman, Hays & Handler v Dreyfuss*, 266 AD2d 51 [1999]).

Defendant's remaining contentions have been considered and found to be without merit. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.