■ CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Respondents. [791 NYS2d 90]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 18, 2004, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4), unanimously affirmed, with costs.

In February 2003, defendant insurers filed suit in Connecti-

cut against certain of their reinsurers. They alleged that the reinsurers had not made contractually due reinsurance payments and sought declaratory relief and damages. In February 2004, the Connecticut court, upon plaintiffs' and defendants' joint motion, granted defendants leave to amend their complaint by April 1, 2004, and gave plaintiffs until May 23, 2004 to respond. Plaintiffs concededly knew that the amendment would include claims for recent payments made by defendants for asbestos-related claims against their insured, MacArthur Co., which were in addition to the MacArthur asbestos claims in the original Connecticut complaint. Nonetheless, on March 8, 2004, plaintiffs filed this action against defendants seeking a declaration with respect to the recent MacArthur billing.

While technical priority in the commencement of actions is a factor to be considered in determining whether dismissal pursuant to CPLR 3211 (a) is appropriate, it is not necessarily dispositive (see San Ysidro Corp. v Robinow, 1 AD3d 185, 186 [2003]). Here, plaintiffs filed this action seeking a declaratory judgment with respect to the recent MacArthur billing with knowledge that defendants were in the process of amending their complaint to include the specific claim at issue pursuant to an order obtained with plaintiffs' support. Inasmuch as it was plain that this action was motivated simply by plaintiffs' wish to gain a tactical advantage through forum shopping, the court properly exercised its discretion in dismissing the complaint pursuant to CPLR 3211 (a) (4) (see White Light Prods., Inc. v On The Scene Prods., Inc., 231 AD2d 90 [1997]; cf. Seneca Ins. Co., Inc. v Lincolnshire Mgt., Inc., 269 AD2d 274 [2000]). Plaintiffs filed the appropriate affirmative defenses and counterclaim in the Connecticut action and have conceded that the issues raised in the New York action can be resolved there. Indeed, the dispute is between a Connecticut carrier and its London reinsurers. Complex litigation concerning the reinsurance contracts is already pending in Connecticut and encompasses the same underlying insured, the same reinsurance contracts, and the same source of losses. The reinsurance contracts do not specify that New York law will govern; rather, they provide that plaintiffs, at defendants' request, will submit to the jurisdiction of any court of competent jurisdiction in the United States, with all matters determined in accordance with the law and practice of such court. Defendants have exercised their contractual prerogative and chosen to litigate this matter in Connecticut and that choice should not be effectively undone by what must be viewed under the circumstances as a purely expedient, albeit technically prior, New York declaratory judgment action. Concur—Tom, J.P., Saxe, Ellerin, Nardelli and Sweeny, JJ.