■ FOX TELEVISION STATIONS, INC., Respondent, v RAINBOW BROADCASTING LIMITED PARTNERSHIP, Appellant. [846 NYS2d 40]—

Order and judgment (one paper), Supreme Court, New York County (Paul George Feinman, J.), entered January 23, 2007, which granted the petition to confirm an appraisal pursuant to CPLR article 76, denied respondent's cross motion to dismiss the proceeding pursuant to CPLR 3211 (a) (4), and confirmed the appraisal, unanimously affirmed, with costs.

The court properly exercised its discretion in declining to dismiss this proceeding in favor of the parties' pending Florida action (see San Ysidro Corp. v Robinow, 1 AD3d 185, 186-187 [2003]). The retention agreement by which the parties named the neutral appraiser provided that New York law would govern the agreement and that the parties would submit to the jurisdiction of the New York state and federal courts for purposes of any suit arising out of the agreement or the appraiser's services. In this suit, respondent alleges a breach of the very rules by which the third-party appraisal process was conducted. In addition, the communications with the appraiser took place through his offices in New York. Thus, New York's connections with the controversy predominate over those of Florida, which was not the situs of the appraisal proceeding. Moreover, both actions are in the earliest stages of litigation and, as the court found, the New York special proceeding is likely to be resolved with greater ease and economy than the plenary action in Florida.

Although respondent contends that its breach of contract claim was before the Florida court only, it alleged all the facts underlying that claim in support of its request in the New York proceeding for an order setting aside the appraisal and ordering a new one. Moreover, in the Florida action, rather than damages for the alleged breach, respondent sought declaratory and injunctive relief similar to the relief it requested in the New York proceeding.

The court properly granted the petition to confirm the appraisal. Contrary to respondent's contention, petitioner's ex parte submission of certain materials to the appraiser does not warrant setting aside the appraisal (see Matter of Delmar Box Co. [Aetna Ins. Co.], 309 NY 60, 64 [1955]). In any event, respondent waived any objection to such communications by failing to follow up the one objection it allegedly made during the parties' oral presentations to the appraiser, despite being advised in the following month that petitioner was withholding certain materials from it.

We have considered appellant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.