■ ADDRESSING SYSTEMS AND PRODUCTS, INC., et al., Appellants, v GEORGE FRIEDMAN et al., Respondents. [874 NYS2d 430]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 28, 2007, which, insofar as appealed from, declared that the mutual liquidated damages provisions in the parties' stock purchase and noncompete agreement did not constitute unenforceable penalties, unanimously affirmed, without costs.

Plaintiffs, in challenging the liquidated damages provisions on the grounds that they constituted unenforceable penalties, did not meet their burden to show either that the damages flowing from a violation of the parties' mutual noncompete agreement were readily ascertainable at the time that the agreement was entered into, or that the liquidated damages amount provided for in the agreement was conspicuously disproportionate to the foreseeable losses (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]). The amount of potential damages arising from a violation of the parties' mutual noncompete clause was not readily ascertainable at the time the agreement was entered into, as the interference with the parties' respective customers and resulting damages could not be reasonably determined. Plaintiffs did not present sufficient evidence from which it could be gleaned what amount of damages due to violations would be typical, or average, to establish with reasonable certainty what losses for a breach or breaches would have been foreseeable at the outset of the agreement. Plaintiffs'

contention—that the liquidated damages were grossly misvalued—is predicated solely on the contrast between defendants' postbreach calculation of damages in this particular instance ($30,782) and the $158,333.33 liquidated damages figure, a standard which is without basis in the law (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425 [1977]). The fact that a liquidated damages clause was designed to provide an incentive not to breach does not transform such provision "into a penalty merely because they operate in this way as well, so long as they are not grossly out of scale with foreseeable losses" (Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006]). Here, plaintiffs have not presented sufficient proof to meet their initial burden to show that the fixed amount of liquidated damages was plainly or grossly disproportionate to foreseeable probable losses.

Where, as here, the parties to the agreement were sophisticated business people, and the terms of the agreement were mutually negotiated, with each party represented by experienced counsel, a liquidated damages provision which is reached at arm's length is entitled to deference (see e.g. Truck Rent-A-Ctr., 41 NY2d at 424). Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.