■ 70 WEST 45TH STREET HOLDING LLC, Respondent, v WATERSCAPE RESORT, LLC, Appellant, et al., Defendant. [26 NYS3d 35]—

Judgment (denominated decision and order), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 17, 2015, inter alia, granting plaintiff's motion for summary judgment and denying defendant Waterscape Resort, LLC's (Waterscape) cross motion for summary judgment and to amend its answer, declaring that plaintiff was entitled to release of an escrow deposit in the amount of $501,249.12 and directing the New York City Department of Finance to release said deposit plus any interest accrued since deposit, less the Department's fees, and referring the matter of plaintiff's costs and reasonable attorneys' fees to a special referee to hear and report, unanimously affirmed, with costs.

The Court properly enforced the written guaranty executed by Waterscape. The agreement entered into by Waterscape, purporting to be a "Guaranty" of Waterscape's obligation to obtain a temporary certificate of occupancy (TCO) for the restaurant located within the building to be purchased by plaintiff, by a date certain, was enforceable. We reject Waterscape's contention that a party may not "guaranty" its

own performance. As Waterscape itself notes, the label the parties chose to put on the document is irrevelant (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]). It is clear that the agreement was more in the nature of liquidated damages which Waterscape agreed to pay, by way of forfeiture of the escrow deposit in the event of its breach. It is uncontested that Waterscape failed to obtain the TCO in the requisite time. Moreover, at the time of the making of the agreement, plaintiff's actual damages could not be calculated, not in the least because the parties could not know in advance how long past the deadline it would be before the TCO would be obtained, or the lost revenue in the interim. Plaintiff has failed to demonstrate that, at the time of the making of the agreement, the damages were reasonably calculable, or that the liquidated amount was grossly disproportionate to the foreseeable actual damages (*see id.* at 423-425; *L & L Wings, Inc. v Marco-Destin Inc.*, 756 F Supp 2d 359, 363 [SD NY 2010]; *see also Addressing Sys. & Prods., Inc. v Friedman*, 59 AD3d 359 [1st Dept 2009]).

We have considered Waterscape's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.