**12** IRX THERAPEUTICS, INC., Appellant, v L. ZACHARY LANDRY, Respondent. [55 NYS3d 4]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about December 15, 2016, which, in effect, granted the branch of defendant's motion that sought dismissal of the action pursuant to CPLR 3211 (a) (4), unanimously affirmed, with costs.

Defendant, a Texas resident, did not establish that his telephone and email contacts with plaintiff's chief executive officer in New York were, as a matter of law, insufficient to warrant exercise of personal jurisdiction over him pursuant to CPLR 302 (a) (1) (*see Fischbarg v Doucet*, 9 NY3d 375 [2007]; *C. Mahendra [NY], LLC v National Gold & Diamond Ctr., Inc.*, 125 AD3d 454, 457 [1st Dept 2015]).

Nevertheless, the motion court providently exercised its discretion in dismissing this action based on the pendency of an action in federal court in Texas concerning the same alleged contract (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *see also* CPLR 3211 [a] [4]). In the Texas action, defendant and two other individuals not named as parties in this action allege that plaintiff breached a contract. The Texas action is thus more comprehensive than this declaratory judgment action and will address defendant's claim that the parties never entered into an enforceable contract; moreover, dismissal of this action in favor of the Texas action will avoid duplicative, vexatious litigation (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90 [1st Dept 1997]; *Continental Ins. Co. v Polaris Indus. Partners*, 199 AD2d 222, 223 [1st Dept 1993]). Further, the record shows that the dispute has a significant nexus with Texas since the three individuals seeking to enforce the alleged contract with plaintiff are Texas residents, all work contemplated under the alleged contract was to be done in Texas, and plaintiff reached out to defendant for the specific

purpose of expanding its business into Texas and making use of defendant's connections there in an effort to raise capital.

Although this action was filed first, chronology is not dispositive, particularly since both actions are at the earliest stages of litigation (*see San Ysidro Corp. v Robinow*, 1 AD3d 185, 186 [1st Dept 2003]), and since the format of this action (i.e., a declaratory judgment action) suggests that it was responsive to defendant's threat of litigation (*see L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 9 [1st Dept 2007]). The record also suggests that plaintiff commenced this action preemptively in an effort to gain a tactical advantage and deprive defendant of his choice of forum (*id.*; *Certain Underwriters at Lloyd's, London v Hartford Acc. & Indem. Co.*, 16 AD3d 167 [1st Dept 2005]). Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.