Parker v Parker (2018 NY Slip Op 04949)





Parker v Parker


2018 NY Slip Op 04949


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


300564/08 7034 7033

[*1]Lita Parker, Plaintiff-Respondent,
v
Paul T. Parker, Defendant-Appellant.


Peter F. Edelman & Associates, New York (Peter F. Edelman of counsel), for appellant.
Stein Riso Mantel McDonough, LLP, New York (Kevin M. McDonough of counsel), for respondent.



Judgment, Supreme Court, New York County (Lori S. Sattler, J.), entered November 15, 2016, awarding plaintiff wife the aggregate amount $356,834.52 pursuant to an order, same court and Justice, entered on or about September 23, 2016, which, inter alia, granted plaintiff's motion for a money judgment to the extent of $303,626.06 in compensatory damages, liquidated damages, and counsel fees, together with interest, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In these post-divorce judgment proceedings, ample evidence supported the Special Referee's report, to the extent confirmed by the court, and defendant husband presents no grounds to disturb the court's determinations (see e.g. Freedman v Freedman, 211 AD2d 580 [1st Dept 1995]; CPLR 4403). The husband's arguments regarding the Special Referee's abuse of her authority rests on a report excerpt taken out of context, and his criticism of the Special Referee's discontinuance of witness testimony before he could testify is refuted by clear record evidence that the parties had agreed to submit the matter on the papers, and that no further testimony was necessary.
Defendant's argument, not raised below, that the wife's entitlement to liquidated damages was postponed by the parties' April 6, 2009 Stipulation and Order, is belied by the Stipulation and Order itself, which did not suspend the liquidated damages provision.
The appointment of a receiver to sell the parties' property in Water Mill did not preclude the husband's performance under the parties' agreements, and he fails to explain what steps he might have taken, had no receiver been appointed.
The husband's claim that the award of liquidated damages and compensatory damages was duplicative or an unfair windfall is unavailing. The parties' Stipulation of Settlement provided that the liquidated damages were "in addition to all other rights and remedies," and her compensatory damages award arose in the context of a separate category of obligations and breaches by the husband. The husband, moreover, failed to meet his burden to show either that the damages addressed in the liquidated damages provision were readily ascertainable or that the agreed-upon liquidated damages amount was conspicuously disproportionate to the foreseeable losses (see Addressing Sys. & Prods., Inc. v Friedman, 59 AD3d 359 [1st Dept 2009]).
The husband's efforts to blame the wife for the foreclosure actions on the ground that she failed to direct monthly loan payments from the parties' Loan Security Account at Smith Barney is also unavailing. The evidence demonstrates that the wife was not even aware of the defaults, as the husband never informed her of his failures to make the loan payments. Nor is there any evidence that she concealed the Citibank foreclosure from him. Furthermore, the husband articulates no legal basis for a fiduciary duty owed to him by the wife, nor facts to support his claim that she breached any such duty.
Plaintiff's entitlement to counsel fees is amply supported by multiple terms of the parties' Stipulation of Settlement. Moreover, the plain language exempting the home equity line of credit and Water Mill loan obligations from the agreement's notice requirements negates the husband's argument that the wife is not entitled to such fees for failure to comply with those requirements.
We have considered the husband's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK