XL Specialty Ins. Co. v Continental Cas. Co. (2020 NY Slip Op 02116)





XL Specialty Ins. Co. v Continental Cas. Co.


2020 NY Slip Op 02116


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11313 650018/19

[*1]XL Specialty Insurance Company, Plaintiff,
v
Continental Casualty Company, et al., Plaintiffs-Respondents, AR Capital, et al., Defendants-Appellants.


McKool Smith, P.C., New York (Robin L. Cohen of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (David Cutter of the bar of the State of Illinois, admitted pro hac vice, of counsel), for Continental Casualty Company, respondent.
Ropers Majeski Kohn Bentley LLP, New York (Geoffrey Heineman of counsel), for Argonaut Insurance Company, respondent.
Skarzynski Marick Black LLP, New York (Alexis J. Rogoski of counsel), for Freedom Insurance Company, respondent.
Peabody & Arnold LLP, New York (Jane A. Horne of counsel), for QBE Insurance Corporation, respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered August 12, 2019, which denied defendants AR Capital, LLC, Bellevue Capital Partners, LLC, Nicholas Schorsch, Edward Weil, William Kahane, and Peter Budko's motion to dismiss the complaint pursuant to CPLR 3211(a)(4) or CPLR 327, or alternatively, to stay the action, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying defendants' motions to dismiss pursuant to CPLR 3211(a)(4) based on another action pending, or pursuant to CPLR 327 for forum non conveniens, or alternatively, to stay this action, which was filed a day before defendants-appellants commenced an action against plaintiffs in Delaware, seeking to litigate most, but not all, of the same issues. New York courts generally follow the first-in-time-rule, which instructs that "the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" (City Trade & Indus., Ltd. v New Cent. Jute Mills Co., 25 NY2d 49 [1969]; White Light Prods. v On The Scene Prods., 231 AD2d 90, 94 [1st Dept 1997]). However, "chronology is not dispositive," especially, where, as here, this action at the early stages of litigation or filed in close proximity (IRX Therapeutics, Inc. v Landry, 150 AD3d 446, 447 [1st Dept 2017]). Nevertheless, here New York has a more substantial nexus to the parties and the dispute, and this action is more comprehensive than the Delaware action.
Moreover, the fact that "New York is the logical and proper place . . . to go forward," negates any inference that this constitute preemptive litigation intended to deprive defendants of their chosen forum (Seneca Ins. Co. v Lincolnshire Mgt., 269 AD2d 274, 275 [1st Dept 2000]), and defendants-appellants offer no compelling reason why they should be entitled to their choice [*2]of forum. Defendants also bear some responsibility for the duplicative litigation, given that they commenced the Delaware action after learning that plaintiffs had commenced this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK