E D & F Man Sugar Ltd. v Gellert (2022 NY Slip Op 00813)





E D & F Man Sugar Ltd. v Gellert


2022 NY Slip Op 00813


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 651808/21 Appeal No. 15243 Case No. 2021-03698 

[*1]E D & F Man Sugar Limited, Plaintiff-Respondent,
v
George G. Gellert, Defendant-Appellant.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for appellant.
DLA Piper LLP (US), New York (Joshua A. Kane of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer Schecter, J.), entered September 1, 2021, which, insofar as appealed from as limited by the briefs, denied defendant's motion to stay the action pending determination of a related Romanian action, unanimously reversed, on the law, without costs, and the motion granted.
In March 2021, plaintiff brought this action to recover on a personal guaranty executed by defendant as consideration for a loan by plaintiff to two Romanian companies partly owned by defendant. Two months later, defendant brought suit against the instant plaintiff in Romania, seeking a declaration that the companies' payment obligations under the underlying loan agreements were not enforceable.
This action should be stayed pending determination of the related Romanian action, because the issues to be decided in the Romanian action are potentially dispositive of this action; there can be no liability for defendant under the personal guaranty if there is no underlying liability for the companies under the loan agreements (see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 8-10 [1st Dept 1998]; Tinicum Fin. Corp. v Lorch, 226 AD2d 214 [1st Dept 1996]). Moreover, while defendant's liability under the guaranty may be decided in New York, the companies' liability under the loan agreements mustbe decided in Romania and under Romanian law.
Although this action was filed first, chronology is not dispositive, "particularly where both actions are at the earliest stages of litigation" (San Ysidro Corp. v Robinow, 1 AD3d 185, 186 [1st Dept 2003]). "[T]he practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not to be applied in a mechanical way, regardless of other considerations" (White Light Prods. v On the Scene Prods., 231 AD2d 90, 97 [1st Dept 1997]; see also Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 95 [1st Dept 2013]). Here, both actions are in the early stages and were commenced reasonably close in time and the later-filed action is more "comprehensive" and involves more parties (see IRX Therapeutics, Inc. v Landry, 150 AD3d 446, 446-447 [1st Dept 2017]; AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495, 495-496 [1st Dept 2011])
Plaintiff's remaining arguments are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022