4069 Rosen Assoc., LLC v Tournamentone Corp. (2022 NY Slip Op 03864)

4069 Rosen Assoc., LLC v Tournamentone Corp.

2022 NY Slip Op 03864

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 657319/20 Appeal No. 16131 Case No. 2022-00036 

[*1]4069 Rosen Associates, LLC et al., Plaintiffs-Respondents,
v
Tournamentone Corp. Also Known as Tournament One Corp. Also Known as Tournament One, Corp., Defendant-Appellant.

Law Office of Ronald B. Weisenberg, P.C., New York (Ronald B. Weisenberg of counsel), for appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Ronald S. Greenberg of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about June 4, 2021, which denied defendant's CPLR 5015(a)(4) motion to vacate a default judgment entered against it, unanimously affirmed, with costs.
The court properly found that the nature and quality of defendant's contacts in New York were sufficient to support long-arm jurisdiction under the "transacts . . . business" provision of CPLR 302(a)(1), because defendant's New York activities were purposeful and substantially related to plaintiffs' claims to recover on 11 notes and debentures signed by defendant (see C. Mahendra [NY], LLC v National Gold & Diamond Ctr., Inc., 125 AD3d 454, 457 [1st Dept 2015]). Specifically, defendant's principal purposefully transacted business in New York by negotiating the terms of 8 of the 11 notes and debentures during in-person meetings in New York (see Kleinfeld v Rand, 143 AD3d 524 [1st Dept 2016]; San Ysidro Corp. v Robinow, 1 AD3d 185, 187 [1st Dept 2003]). Furthermore, in connection with the loan transactions, defendant retained a New York firm to represent it, traveled to New York on multiple occasions to meet with plaintiffs' representatives to promote and provide progress reports on defendant's business, and established a continuing relationship with plaintiffs that lasted several years and spanned 11 separate loans, which was sufficient to satisfy the statutory test for long-arm jurisdiction (see Wilson v Dantas, 128 AD3d 176, 182-83 [1st Dept 2015], affd on other grounds 29 NY3d 1051 [2017]).
The exercise of personal jurisdiction over defendant comports with due process, since plaintiffs' cause of action to recover on the notes and debentures has a substantial nexus with defendant's contacts with New York (see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 299 [2017]). Defendant's numerous contacts with New York demonstrate that litigating in this state was foreseeable and would not be unduly burdensome.
Defendant's argument based on the choice of law and forum provisions in the subscription agreements was improperly raised for the first time in its reply papers (see Shia v McFarlane, 46 AD3d 320, 321 [1st Dept 2007]), and, in any event, does not warrant a different result.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022