Aerogen LLC v Tapjets Holdings Inc. (2025 NY Slip Op 02990)

Aerogen LLC v Tapjets Holdings Inc.

2025 NY Slip Op 02990

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 652472/24|Appeal No. 4373-4374|Case No. 2024-06620 2025-00415|

[*1]Aerogen LLC et al., Plaintiffs-Respondents,
v
Tapjets Holdings Inc. et al., Defendants-Appellants. 

Law Offices of Stuart J. Moskovitz, New York (Stuart J. Moskovitz of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York (Amanda H. Freyre of counsel), for respondents.

Order, Supreme Court, New York County (Anar Rathod Patel, J.), entered on or about October 4, 2024, which denied defendants' motion to dismiss the complaint for lack of personal and subject matter jurisdiction (CPLR 3211[a][2], [8]) and on the grounds of other action pending (CPLR 3211[a][4]) and forum non conveniens (CPLR 327[a]), unanimously modified, on the law, to grant the motion of all defendants to dismiss for lack of personal jurisdiction except Eugene Kesselman with respect to so much of the fourth cause of action as alleges that Aerogen suffered damages as a result of a misrepresentation that he purportedly made in a September 25, 2023 letter agreement, and otherwise affirmed, without costs.
So ordered transcript, same court and Justice, entered January 15, 2025, which refused to permit defendants file a motion to dismiss the seventh and eighth causes of action in the amended complaint, unanimously reversed, on the law, with costs, and those causes of action dismissed.
Plaintiffs' sole basis for arguing that New York has personal jurisdiction over defendants is the forum selection clause in the letter agreement, which chooses New York as the exclusive jurisdiction for disputes. However, the only claim related to the letter agreement is the fourth cause of action asserted against Kesselman, which alleges that as a result of a misrepresentation that Kesselman purportedly made in the letter agreement, Aerogen agreed to pay $1 million toward the satisfaction of plaintiff Starship 1 LLC's alleged liabilities. Therefore, there is only personal jurisdiction over Kesselman and only with respect to the fourth cause of action concerning the $1 million payment.
Defendants contend that the courts of New York lack subject matter jurisdiction pursuant to Business Corporation Law § 1314(b). Because the only defendant left in this case is Kesselman, this argument is without merit. The statute applies to an action against a foreign corporation and does not protect individuals.
We reject defendants' argument that we should grant their forum non conveniens motion in the independent exercise of our discretion. CPLR 327(a) provides, "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court. . .may stay or dismiss the action in whole or in part." However, subdivision (b) states, "Notwithstanding the provisions of subdivision (a). . ., the court shall not stay or dismiss any action on the ground of inconvenient forum, where the action arises out of relates to a contract. . . to which section 5-1402 of the general obligations law applies." That portion of the original complaint that we have not dismissed relates to a contract to which General Obligations Law § 5-1402(1) applies.
We also reject defendants' contention that we should grant their CPLR 3211(a)(4) motion in the independent exercise of our discretion. The Florida action — by Kesselman as alleged assignee of Tapjets Holdings against [*2]Starship — concerns (a) two Management Agreements between Starship and Tapjets and (b) the liens that Tapjets Holdings placed on Starship's planes. It is not "the same cause of action" (CPLR 3211[a][4]) as Aerogen's claim for fraudulent misrepresentation against Kesselman, nor does it involve "the same parties" (id.).
At nisi prius, defendants merely sought leave (per the motion court's rules) to move to dismiss the seventh and eighth causes of action of the amended complaint. However, on appeal, they contend that all of the declaratory judgment claims (the sixth through eighth causes of action) should be dismissed. Because the sixth cause of action was in the original complaint, a motion to dismiss that claim would be barred by the single motion rule (see CPLR 3211[e]). However, a motion to dismiss the seventh and eighth causes of action, which were not in the original complaint, would not be barred by CPLR 3211(e) (see Barbarito v Zahavi, 107 AD3d 416, 420 [1st Dept 2013]).
It is not entirely clear whether the motion court refused to let defendants make a motion; the so-ordered transcript contains contradictory statements. However, in the interest of judicial economy (see CPLR 104), we will reach the merits of whether the seventh and eighth causes of action should be dismissed.
The seventh cause of action seeks a declaratory judgment that Tapjets Holdings' liens on Starship's planes have been extinguished, and the eighth seeks a declaratory judgment that Starship does not owe anything to Tapjets or Kesselman pursuant to the Management Agreements. These claims should be dismissed based on the pendency of the first-filed Florida action, in which Kesselman seeks to foreclose on the liens and seeks money based on Starship's alleged breach of the Management Agreements (see e.g. Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 95 [1st Dept 2013] ["New York courts generally follow the so-called 'first-in-time' rule"]). We are reluctant to give a declaratory judgment claim priority over a contract claim (see e.g. IRX Therapeutics, Inc. v Landry, 150 AD3d 446 [1st Dept 2017]).
Moreover, a declaratory judgment "is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action" (James v Alderton Dock Yards, 256 NY 298, 305 [1931]; Automated Ticket Sys. v Quinn, 90 AD2d 738, 739 [1st Dept 1982], affd 58 NY2d 949 [1983]; see also 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 607 [1st Dept 2024] ["The declaratory judgment claim . . . should have been dismissed because full and adequate relief may be provided by the breach of contract. . .claims"]). This is consistent with the general principle that "equity will not entertain jurisdiction where there is an adequate remedy at law" (Boyle v Kelley, 42 NY2d 88, 91 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025