■ Money Store of New York, Inc., Respondent, v Doner Holding Corp., Also Known as Doner Chevrolet, Inc., et al., Defendants, and Walter Doner et al., Appellants.—In a foreclosure action involving two parcels of real property situated in Suffolk County, defendants Walter and Margaret Doner appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated July 31, 1984, which denied their

motion, *inter alia,* to permanently enjoin the foreclosure sale of parcel No. 2.

Order affirmed, without costs or disbursements.

The instant action was commenced to foreclose a first mortgage on commercial premises known as 100 Carlton Avenue, in East Islip, New York (parcel No. 1) owned by defendant Doner Holding Corp., and a second mortgage on residential premises known as 321 Southport Street, Ronkonkoma, New York (parcel No. 2), owned by defendants Walter and Margaret Doner (hereinafter defendants). Both parcels had been pledged as security for a loan of $500,000. After defendants defaulted on plaintiff's motion for summary judgment and on a subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale, a judgment was signed on January 9, 1984, which provided, *inter alia,* that parcel No. 1 "should be sold first, and if an insufficient sum [was] received", then parcel No. 2 was to be sold thereafter. A notice of sale was subsequently published which set April 27, 1984, as the date for the sale of both properties.

Thereafter, the defendants moved for an order staying the sale of the residential premises, i.e., parcel No. 2, on the ground, *inter alia,* that the mortgage thereon was improper and "fails by lack of consideration". In support of said motion, defendants' counsel alleged:

"The subordinate mortgage (on the private residence) as appended to a personal guarantee is improper and fails by lack of consideration. The underlying loan involves the Small Business Administration and their guarantee of 90 percent of the principle [*sic*] sum, i.e. FIVE HUNDRED THOUSAND AND 00/100 ($500,000.00) DOLLARS. The stock, i.e. ownership, of two (2) corporations: DONER HOLDING CORP. and DONER CHEVROLET, INC., have [*sic*] been restricted; both SBA and THE MONEY STORE OF NEW YORK, INC., were satisfied that Parcel I appraised for SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($750,000.00) DOLLARS (a sum substantially greater than the funds extended and borrowed); that the personal guarantee in addition to the SBA guarantee herein was obtained from WALTER DONER, as an individual.

"In view of all the guarantees and substantial security obtained by THE MONEY STORE OF NEW YORK, INC. in lending said sum of FIVE HUNDRED THOUSAND AND 00/100 ($500,000.00) DOLLARS and further, in view of lack of consideration for the subordinate mortgage on the private residence, I submit it is grossly inequitable and indeed, unconscionable that the indi-

viduals' right of redemption, vis-á-vis their private residence, be extinguished by the Judgment and that their home sold at public auction.

"Furthermore, I submit that the conditions imposed by THE MONEY STORE OF NEW YORK, INC. requiring WALTER DONER and MARGARET DONER, his wife, to include their private residence on the mortgage was unconscionable and should not be condoned or permitted by this Court to effect a forefeiture [*sic*] of their private residence."

The defendants' motion was resolved by a stipulation entered into between the parties which provided, *inter alia,* that the sale of the residential premises (parcel No. 2) would be adjourned for at least 30 days from the scheduled sale date of parcel No. 1.

At the foreclosure sale on April 27, 1984, the commercial premises was purchased, after bidding, by the plaintiff mortgagee for the sum of $7,000. The referee's report of sale indicated a deficiency of $586,161.96, subject to any unpaid taxes.

Following the sale of parcel No. 1, the defendants moved, by notice of motion dated May 23, 1984, for an order, *inter alia,* enjoining the foreclosure sale of parcel No. 2. Specifically, the defendants alleged that (1) the plaintiff mortgagee's attempt to proceed with the foreclosure sale of parcel No. 2 was analogous to a motion by a mortgagee for leave to enter a deficiency judgment under RPAPL 1371 (2), and (2) before proceeding with the sale of parcel No. 2, the true market value of parcel No. 1 had to be ascertained (and deducted from the mortgage balance if it was higher than the successful bid. at the sale), as it would under RPAPL 1371 (2) where a mortgage moves for leave to enter a deficiency judgment after successfully bidding in at the foreclosure sale.

Defendants further alleged that parcel No. 1 was originally appraised at $750,000, and that a new appraisal, dated April 12, 1984 and given to plaintiff's counsel on April 23, 1984 (the date of the stipulation), indicated that it had a present market value of $900,000. Accordingly, defendants argued that plaintiff had already been made whole by its successful bid on parcel No. 1.

In response, plaintiff alleged that (1) it had the absolute right to proceed with the sale of parcel No. 2 pursuant to both the judgment of foreclosure and sale and the stipulation entered into between the parties on April 23, 1984, since an insufficient sum of money was realized on the sale of parcel No. 1, and (2) the concept of market value espoused by the

defendants is inapplicable in the case at bar, since plaintiff could not have moved for a deficiency judgment until all of the mortgaged parcels had been sold (see, Bodner v Brickner, 29 AD2d 441).

In the order appealed from, Special Term denied the motion by the defendants, inter alia, to permanently enjoin the sale of parcel No. 2, and this appeal followed. We affirm.

At the outset, it should be noted that the defendants' claim that the mortgage on parcel No. 2 was unconscionable should have been raised in opposition to the motion for a judgment of foreclosure and sale. As the Appellate Division, Third Department, stated in Gray v Bankers Trust Co. (82 AD2d 168, 170-171): "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded".

The judgment dated January 9, 1984, therefore, appropriately provided for the sale of both parcels. Moreover, Special Term, in signing the judgment of foreclosure and sale, attempted to protect the defendants' equity in parcel No. 2 to the greatest extent possible by providing that parcel No. 1 should be sold first (Champlain Val. Fed. Sav. & Loan Assn. v Ladue, 35 AD2d 888). The subsequent stipulation of the parties, which effectively modified the judgment of foreclosure and sale by providing that the sale of parcel No. 2 be adjourned for a period of 30 days, was apparently entered into in the expectation that prior to the expiration of said 30-day period, the plaintiff mortgagee would resell parcel No. 1 and completely satisfy the defendants' debt from the proceeds of that resale. Since a resale was not consummated during that period, however, and since the plaintiff did not receive a sufficient sum of money at the foreclosure sale of parcel No. 1, it had the absolute right to foreclose on parcel No. 2 pursuant to both the judgment of foreclosure and sale and the subsequent stipulation.

Finally, this court has been advised that although the defendants were unsuccessful in their application before Special Term to enjoin the sale of parcel No. 2, that parcel has not, as yet, been foreclosed upon by the plaintiff. Moreover, it is alleged by plaintiff in its brief on appeal, without contradiction by the defendants, that (1) a contract for the sale of parcel No. 1 at a price of $615,000 was subsequently entered into between the plaintiff, as seller, and the Town of Islip, as buyer, in November 1984, and (2) the closing took place on December 27, 1984. Plaintiff also alleges in its brief, without

contradiction, that it only netted $515,000 from the resale of parcel No. 1, since it was obligated to pay unpaid back taxes owed by the former mortgagor of that parcel in the approximate sum of $100,000.

Accordingly, since it appears even at this late date that there is still a sum of approximately $70,000 owing to the plaintiff, the foreclosure sale of parcel No. 2 cannot be enjoined. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.