■ GREEN POINT SAVINGS BANK, Appellant, v JOSCELYN CLARKE et al., Respondents. [633 NYS2d 888] In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 10, 1993, which granted the defendants' motion to dismiss the action on the basis of a prior, pending action and (2) as limited by its brief, from so much of an order of the same court dated

April 13, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 10, 1993, is dismissed since that order was superseded by the order dated April 13, 1994, made upon reargument; and it is further,

Ordered that the order dated April 13, 1994, is reversed insofar as appealed from, on the law, the order dated November 10, 1993, is vacated, and the defendant's motion to dismiss is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A party may move to dismiss a cause of action asserted against it on the ground that there is another action pending between the same parties for the same cause of action *(see,* CPLR 3211 [a] [4]). However, this defense is waived if, as here, it is not asserted in a motion prior to serving the responsive pleading or in the responsive pleading itself *(see,* CPLR 3211 [e]). Moreover, " '[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded' " *(Money Store v Doner Holding Corp.,* 112 AD2d 284, 287, citing *Gray v Bankers Trust Co.,* 82 AD2d 168, 170-171).

The court in this case granted the plaintiff's motion for judgment of foreclosure and sale on April 2, 1993, several months before the defendants asserted the defense of a prior, pending action for the first time in October 1993. Thus, the court erred in entertaining the defense. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.