■ Seneca Specialty Insurance Co., Appellant, v T.B.D. Capital, LLC, Respondent. [40 NYS3d 450]—

In an action, inter alia, for a judgment declaring an insurance policy rescinded and void, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 21, 2014, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4).

Ordered that the order is affirmed, with costs.

After denying the defendant's claim of loss under an insurance policy, the plaintiff commenced this action against the defendant, inter alia, for a judgment declaring the subject policy rescinded and void. At the time, the defendant had already commenced an action in the State of Indiana against the plaintiff and its parent company, inter alia, for a judgment

declaring that the subject loss is covered under the policy (hereinafter the Indiana action).

The defendant moved to dismiss the complaint in this action pursuant to both CPLR 3211 (a) (1) and (4). The Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4). The plaintiff appeals.

Pursuant to CPLR 3211 (a) (4), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state" (*see Liebert v TIAA-CREF*, 34 AD3d 756, 757 [2006]). Here, there is substantial identity of the parties and the causes of action alleged in the Indiana action and this action (*see Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2009]; *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1997]).

Further, the Indiana action was filed "first-in-time." In the context of a motion to dismiss pursuant to CPLR 3211 (a) (4) on the ground of another action pending, generally the courts of this state follow the first-in-time rule, meaning that " 'the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere' " (*L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 7 [2007], quoting *City Trade & Indus., Ltd. v New Cent. Jute Mills Co.*, 25 NY2d 49, 58 [1969]; *see White Light Prods. v On The Scene Prods.*, 231 AD2d at 93; *see also Simonetti v Larson*, 44 AD3d 1028, 1029 [2007]). While certain special circumstances may warrant deviation from this rule (*see L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d at 7), consideration of the relevant circumstances herein does not warrant reversal of the Supreme Court's discretionary determination to apply the first-in-time rule (*cf. id.* at 7-10; *San Ysidro Corp. v Robinow*, 1 AD3d 185, 186-187 [2003]; *White Light Prods. v On The Scene Prods.*, 231 AD2d at 100).

The plaintiff's contention regarding that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) has been rendered academic in light of our determination. Eng, P.J., Balkin, Hall and Barros, JJ., concur.