US Bank, N.A. v Brown (2023 NY Slip Op 00456)

US Bank, N.A. v Brown

2023 NY Slip Op 00456

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-00025
 (Index No. 509183/14)

[*1]US Bank, N.A., etc., respondent, 
v
Sonja Brown, appellant, et al, defendants.

Moshe K. Silver, New York, NY, for appellant.
Eckert Seamans Cherin & Mellott LLP, White Plains, NY (Sarah J. Greenberg and Riyaz G. Bhimani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sonja Brown appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated November 4, 2019. The order and judgment of foreclosure and sale, upon an order of the same court also dated November 4, 2019, inter alia, denying the cross motion of the defendant Sonja Brown pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her, granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that on the Court's own motion, the notice of appeal from the order dated November 4, 2019, is deemed to be a premature notice of appeal from the order and judgment of foreclosure and sale (see CPLR 5520[c]; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941); and it is further, 
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2007, LaSalle Bank National Association (hereinafter LaSalle), the plaintiff's predecessor in interest, commenced an action against the defendant Sonja Brown (hereinafter the defendant), among others, to foreclose a mortgage. Thereafter, in September 2014, LaSalle commenced this action seeking to foreclose the mortgage, as modified by a loan modification agreement. In her answer, the defendant, inter alia, raised several affirmative defenses but did not raise the CPLR 3211(a)(4) defense that there was a prior action pending.
In an order dated January 3, 2017, the Supreme Court, among other things, appointed a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her. In an order dated November 4, 2019, the court, among other things, denied the defendant's cross motion. In an order and judgment of foreclosure and sale, upon the November 4, 2019 order, the court granted the plaintiff's motion, inter alia, to confirm the referee's [*2]report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
Pursuant to CPLR 3211(a)(4) "[a] party may move to dismiss a cause of action asserted against [him or her] on the ground that there is another action pending between the same parties for the same cause of action" (Green Point Sav. Bank v Clarke, 220 AD2d 384, 385; see Seneca Specialty Ins. Co. v T.B.D. Capital, LLC, 143 AD3d 971, 972). Here, however, the defendant waived the CPLR 3211(a)(4) defense by failing to raise it in a pre-answer motion to dismiss or as an affirmative defense in her answer (see id. § 3211[e]; Green Point Sav. Bank v Clarke, 220 AD2d at 385).
Contrary to the defendant's contention, it was not error for the referee to compute the amount due without giving the defendant notice of the computation and without holding a hearing, since the defendant had the opportunity to submit relevant evidence to the Supreme Court (see Bank of Am., N.A. v Lino, 203 AD3d 1004, 1005; Christina Trust v Campbell, 202 AD3d 750, 751).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court