St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp. (2024 NY Slip Op 03508)

St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp.

2024 NY Slip Op 03508

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-07575
 (Index No. 616628/18)

[*1]St. Paul Fire and Marine Insurance Company, et al., respondents, 
v
Getty Properties Corporation, etc., appellant.

Flaster Greenberg P.C., New York, NY (Jay M. Levin of counsel), for appellant.
Clyde & Co US LLP, New York, NY (Daren S. McNally, Barbara M. Almeida, Meghan C. Goodwin, and Kurt N. Campanile of counsel), for respondents.

DECISION & ORDER
In an action for declaratory relief, the defendant appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered May 15, 2019. The order denied the defendant's motion pursuant to CPLR 3211(a)(4) to dismiss so much of the complaint as sought declaratory relief with respect to the plaintiffs' insurance coverage obligations for an action commenced in a New Jersey state court and removed to federal court or, in the alternative, to stay that portion of this action pending resolution of a separate insurance coverage action commenced in a New Jersey state court.
ORDERED that the order is affirmed, with costs.
In 2007, the New Jersey Department of Environmental Protection commenced an action in the Superior Court of New Jersey against, among others, the defendant, inter alia, to recover damages related to the contamination of New Jersey surface and ground waters with methyl tertiary butyl ether (hereinafter MTBE), a fuel additive that was incorporated into gasoline beginning in the late 1970s (hereinafter the New Jersey MTBE action). The New Jersey MTBE action was later removed to federal court and transferred by the United States Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York (hereinafter the SDNY) for coordinated or consolidated pretrial proceedings (hereinafter the MTBE multidistrict litigation). In 2014, an action was commenced in a Pennsylvania state court against the defendant, among others, alleging contamination of Pennsylvania waters with MTBE (hereinafter the Pennsylvania MTBE action), and that action was likewise removed to federal court, transferred to the SDNY, and consolidated with the MTBE multidistrict litigation. In 2017, an action was commenced in a Maryland state court against the defendant, among others, alleging contamination of Maryland waters with MTBE (hereinafter the Maryland MTBE action, and collectively with the New Jersey MTBE action and the Pennsylvania MTBE action, the underlying MTBE actions).
The plaintiffs, St. Paul Fire and Marine Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Company of America, and Travelers Casualty and Surety Company, had issued the defendant various liability insurance policies that covered periods of time when MTBE contamination was alleged to have occurred in New Jersey, Pennsylvania, and [*2]Maryland. In a letter dated April 17, 2018, the defendant notified the plaintiffs that it was seeking coverage under those policies for defense and indemnification costs related to the underlying MTBE actions. In a letter dated October 29, 2018, the plaintiffs notified the defendant of a partial denial of coverage, while stating that it would continue to investigate other aspects of the claim. In a letter dated November 29, 2018, the defendant demanded that the plaintiffs contribute to a potential settlement of the New Jersey MTBE action.
On December 12, 2018, the plaintiffs commenced this action, inter alia, for a judgment declaring that they are not obligated to defend or indemnify the defendant in the underlying MTBE actions. Approximately three weeks later, the defendant commenced an action in the Superior Court of New Jersey against the plaintiffs and other insurers regarding their insurance coverage obligations for the New Jersey MTBE action (hereinafter the New Jersey insurance coverage action). Thereafter, the defendant moved in this action pursuant to CPLR 3211(a)(4) to dismiss so much of the complaint as sought declaratory relief with respect to the plaintiffs' insurance coverage obligations for the New Jersey MTBE action or, in the alternative, to stay that portion of this action pending resolution of the New Jersey insurance coverage action.
In an order entered May 15, 2019, the Supreme Court denied the defendant's motion, concluding, in reliance upon the first-in-time rule, that the matter should be determined in New York based on priority. The court also found that "New York is the most appropriate forum for the resolution of the parties' dispute" and the defendant failed to demonstrate that commencing this action in New York was "vexatious, oppressive, or instituted to obtain an inequitable advantage." The defendant appeals.
CPLR 3211(a)(4) authorizes a court to dismiss or stay an action on the ground that there is another action pending between the same parties for the same cause of action in another court (see Whitney v Whitney, 57 NY2d 731, 732; Seneca Specialty Ins. Co. v T.B.D. Capital, LLC, 143 AD3d 971, 972). "[A] court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d 1341, 1341 [internal quotation marks omitted]). "It is not necessary that the precise legal theories presented in the first action also be presented in the second action [so] long as the relief . . . is the same or substantially the same" (id. [internal quotation marks omitted]; see Feldman v Harari, 183 AD3d 629, 631).
"[I]n deciding a motion to dismiss based on the pendency of another action, the analysis is similar to that employed in entertaining a motion predicated on forum non conveniens" (White Light Prods. v On The Scene Prods., 231 AD2d 90, 93, citing Flintkote Co. v American Mut. Liab. Ins. Co., 103 AD2d 501, 506, affd 67 NY2d 857; cf. Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479; Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966). Additionally, "a major concern, as a matter of comity, is to avoid the potential for conflicts that might result from rulings issued by courts of concurrent jurisdiction" (White Light Prods. v On The Scene Prods., 231 AD2d at 93).
"Generally the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" (City Trade & Indus., Ltd. v New Cent. Jute Mills Co., 25 NY2d 49, 58 [internal quotation marks omitted]; see Seneca Specialty Ins. Co. v T.B.D. Capital, LLC, 143 AD3d at 972). However, "[t]he practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not to be applied in a mechanical way, regardless of other considerations" (White Light Prods. v On The Scene Prods., 231 AD2d at 97 [internal quotation marks omitted]; see IRX Therapeutics, Inc. v Landry, 150 AD3d 446, 447; L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 8-10). "Special circumstances warrant deviation from the general[, first-filed] rule, if the action sought to be restrained is vexatious, oppressive or instituted to obtain some unjust or inequitable advantage" (White Light Prods. v On The Scene Prods., 231 AD2d at 96 [internal quotation marks omitted]).
Here, the Supreme Court did not improvidently exercise its discretion in denying the [*3]defendant's motion pursuant to CPLR 3211(a)(4), inter alia, to dismiss so much of the complaint as sought declaratory relief with respect to the plaintiffs' insurance coverage obligations for the New Jersey MTBE action. The plaintiffs commenced this action first, approximately three weeks before the New Jersey insurance coverage action was commenced. The defendant's contention that the plaintiffs engaged in "gamesmanship" by commencing this action before the defendant commenced the New Jersey insurance coverage action in order to obtain an unfair tactical advantage was speculative and conclusory. Relatedly, the defendant failed to articulate why the commencement of this action, which occurred before the plaintiffs fully disclaimed coverage under all of the relevant policies issued by them, amounted to bad faith (cf. IRX Therapeutics, Inc. v Landry, 150 AD3d at 447; L-3 Communications Corp. v SafeNet, Inc., 45 AD3d at 8-9; San Ysidro Corp. v Robinow, 1 AD3d 185, 187). Notably, in a letter dated October 29, 2018, the plaintiffs denied coverage under most of the policies and suggested that, while they were still investigating and assessing their obligations under the remainder of the policies, they believed that they had a strong basis to fully disclaim coverage for the underlying MTBE actions.
On the other hand, the Supreme Court providently took into account that the defendant maintained a principal place of business in New York and that the subject policies were all brokered and issued in New York (see Borden Chem., Inc. v Growth Prods., Inc., 28 AD3d 337, 337; Seneca Ins. Co. v Lincolnshire Mgt., 269 AD2d 274, 274-275; cf. Flintkote Co. v American Mut. Liab. Ins. Co., 103 AD2d at 506). Furthermore, the court did not err in concluding that this action was more comprehensive than the New Jersey insurance coverage action because this action also sought declaratory relief with respect to the plaintiffs' insurance coverage obligations for the Pennsylvania MTBE action and the Maryland MTBE action (see AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495, 495-496).
Additionally, the Supreme Court was not, as a matter of comity, required to cede jurisdiction in favor of the New Jersey insurance coverage action (see generally Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966; White Light Prods. v On The Scene Prods., 231 AD2d at 93; cf. Sensient Colors Inc. v Allstate Ins. Co., 193 NJ 373, 386, 939 A2d 767, 774). In any event, the New Jersey insurance coverage action is now no longer pending within the meaning of CPLR 3211(a)(4), and therefore, at this juncture, it would be inappropriate to relinquish New York's jurisdiction over the matter (see Resorts Group, Inc. v Cerberus Capital Mgt., L.P., 213 AD3d 621, 622-623; L-3 Communications Corp. v SafeNet, Inc., 45 AD3d at 7-8).
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court