EMC Mtge. Corp. v Anderson (2025 NY Slip Op 04877)

EMC Mtge. Corp. v Anderson

2025 NY Slip Op 04877

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-00121
 (Index No. 8679/10)

[*1]EMC Mortgage Corporation, appellant,
vMalcolm Anderson, respondent, et al., defendants.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.
Chidi Eze (Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY [Andrea J. Caruso], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 13, 2023. The order, insofar as appealed from, granted the cross-motion of the defendant Malcolm Anderson to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant Malcolm Anderson to dismiss the complaint insofar as asserted against him is denied.
In January 2007, HSBC Bank USA, Inc. (hereinafter HSBC), commenced an action (hereinafter the 2007 action) against the defendant Malcolm Anderson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The 2007 action was subsequently discontinued.
In February 2008, HSBC commenced a second action (hereinafter the 2008 action) against the defendant, among others, to foreclose the same mortgage, alleging that the defendant had defaulted in making the mortgage payment due September 1, 2006, and all payments due thereafter.
On April 7, 2010, the plaintiff commenced the instant action to foreclose the same mortgage, based upon the same alleged default. The 2008 action was discontinued on September 7, 2010. The defendant failed to answer the complaint or make a pre-answer motion to dismiss the instant action.
On May 23, 2023, the defendant cross-moved to dismiss the complaint insofar as asserted against him on the ground, among others, that the plaintiff commenced the instant action while the 2008 action was still pending, without requesting leave from the Supreme Court, in violation of RPAPL 1301(3).
In an order dated October 13, 2023, the Supreme Court, inter alia, granted the defendant's cross-motion. The plaintiff appeals.
RPAPL 1301(3) provides, in pertinent part, that, while a mortgage foreclosure action [*2]is pending, "no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action." Noncompliance with RPAPL 1301(3) is an affirmative defense (see NY Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756, 756-757). As such, the defendant, "having failed to interpose an answer" in the instant action "or file a timely pre-answer motion asserting the defense . . . could not properly invoke that defense without first vacating [his] default and obtaining leave to serve a late answer that assert[ed] [RPAPL 1301(3)] as an affirmative defense" (Capital One N.A. v Ezkor, 209 AD3d 823, 825; see CPLR 3211[a][4]; [e]; US Bank, N.A. v Brown, 213 AD3d 717, 718). Accordingly, the Supreme Court should not have granted dismissal of the complaint insofar as asserted against the defendant pursuant to RPAPL 1301(3).
On his cross-motion, the defendant also advanced certain other bases for dismissal of the complaint insofar as asserted against him, contending, among other things, that the complaint should be dismissed pursuant to CPLR 3217(c) and for the plaintiff's failure to comply with RPAPL 1303, 1304, and 1306 and the notice of default provisions in the mortgage agreement. Although the Supreme Court did not address these issues, we reach these contentions, which the defendant presently raises as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546; Delzotti v Bowers, 219 AD3d 967, 969). However, these contentions are without merit (see generally Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court